UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

TAURICE RICKS,

    Plaintiff,

-VS-                          CASE NO.: 3:16-CV-205-J-20PDB

ALLIED INTERSTATE, L.L.C.,       **JURY TRIAL DEMANDED**

    Defendant.

_____/

## COMPLAINT

Plaintiff, TAURICE RICKS, by and through his undersigned counsel, sues the Defendant, ALLIED INTERSTATE, L.L.C., and in support thereof respectfully alleges the following:

### INTRODUCTION

1. Plaintiff alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.* ("TCPA"), the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq.* ("FCCPA") and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et. seq.* ("FDCPA").

2. The TCPA was enacted to prevent companies like ALLIED INTERSTATE, L.L.C., from invading American citizen's privacy and prevent abusive "robo-calls."

3. "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." *Mims v. Arrow Fin. Servs., LLC*, -US--, 132 S.Ct. 740, 745, 181 L.Ed. 2d 881 (2012).

4. "Senator Hollings, the TCPA's sponsor, described these calls as 'the *1256 scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone

1

out of the wall.' 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

5. According to the Federal Communications Commission (FCC), "Unwanted calls and texts are the number one complaint to the FCC. There are thousands of complaints to the FCC every month on both telemarketing and robocalls. The FCC received more than 215,000 TCPA complaints in 2014." https://www.fcc.gov/document/fact-sheet-consumer-protection-proposal

## JURISDICTION AND VENUE

6. This is an action for damages exceeding Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest and costs.

7. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the TCPA and/or by F.S. § 47.011 and/or by 28 U.S.C. § 1332, diversity jurisdiction.

8. Subject matter jurisdiction, federal question jurisdiction, for purposes of this action is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; and this action involves violations of 47 U.S.C. § 227(b)(1)(A)(iii). See *Mims v. Arrow Fin. Servs., LLC*, 132 S.Ct. 740, 748 (2012) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1249 (11th Cir. 2014).

9. Venue is proper in this District because the Plaintiff resides in this District (Duval County), the phone calls were received in this District, and the Defendant transacts business in Duval County, Florida.

## FACTUAL ALLEGATIONS

10. Plaintiff is a natural person, and citizen of the State of Florida, residing in Duval County.

11. Plaintiff is a "consumer" as defined in Florida Statute 559.55(8) and 15 U.S.C. § 1692(a)(3).

12. Plaintiff is an "alleged debtor."

13. Plaintiff is the "called party." See *Breslow v. Wells Fargo Bank, N.A.*, 755 F. 3d 1265 (11th Cir. 2014) and *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

14. Defendant, Allied Interstate, LLC, is a Minnesota corporation with its principal place of business at 12755 Highway 55, Suite 300, Plymouth MN 55411 and conducting business in the state of Florida through its registered agent, CT Corporation System, 1200 South Pine Island Rd., Plantation, FL 33324.

15. Defendant is a "debt collector" as defined by Florida Statute § 559.55(7) and 15 U.S.C. § 1692(a)(6).

16. The debt that is the subject matter of this complaint is a "consumer debt" as defined by Florida Statute §559.55(6) and U.S.C. § 1692(a)(5).

17. The Defendant called the Plaintiff approximately one thousand (1,000) times since February, 2015, in an attempt to collect a debt.

18. The Defendant attempted to collect a debt from the Plaintiff by this campaign of telephone calls.

19. The Defendant intentionally harassed and abused Plaintiff on numerous occasions by calling several times during one day, and on back to back days, with such frequency as can reasonably be expected to harass.

3

20. On information and belief, the telephone calls were placed using automated telephone dialing equipment, without human intervention.

21. Each call the Defendant made to the Plaintiff was made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers as specified by 47 U.S.C §227(a)(1). Furthermore, the Defendant left Plaintiff pre-recorded voicemail messages.

22. Shortly after the calls from the Defendant began the Plaintiff revoked his consent to be called by the Defendant by requesting that the calls stop. Each call the Defendant made to the Plaintiff's cell phone after said revocation was done so without the "express permission" of the Plaintiff and in violation of the TCPA.

23. Beginning on or about February 2015, Plaintiff began receiving automated calls from the Defendant to his cellular telephone number of 912 ***-9632 attempting to collect a debt.

24. After receiving many of the unwanted robocalls from the Defendant, Plaintiff answered a call and spoke to an unknown agent. During said conversation Plaintiff informed Defendant's unknown agent that he did not want to be called by Defendant.

25. Despite Plaintiff clearly instructing the Defendant to stop calling, the Defendant continued its robo-call campaign against Plaintiff.

26. The Plaintiff kept a non-exclusive log of calls he received from the Defendant after he requested that the calls stop, including, but not limited to, the following calls: July 18, 2015 (5 calls); July 19, 2015 (4 calls); July 20, 2015 (5 calls); July 21, 2015 (5 calls).

27. The Defendat has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice to individuals just as they did to the Plaintiff's cellular telephone in this case.

28. The Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice, just as they did to the Plaintiff's cellular telephone in this case, with no way for the consumer, or the Defendant, to remove the number.

29. The Defendant's corporate policy is structured as to continue to call individuals like the Plaintiff, despite these individuals explaining to the Defendant that they wish for the calls to stop.

30. The Defendant has numerous other federal lawsuits pending against them alleging similar violations as stated in this complaint.

31. The Defendant has numerous complaints against them across the country asserting that their automatic telephone dialing system continues to call them after they have requested for it to stop.

32. The Defendant has had numerous complaints from consumers against them across the country asking to not be called, however the Defendant continues to call.

33. The Defendant's corporate policy provided no means for the Plaintiff to have his number removed from the call list.

34. The Defendant has a corporate policy to harass and abuse individuals despite actual knowledge that the called parties wish for the calls to stop.

35. None of the Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

36. The Defendant willfully and/or knowingly violated the TCPA with respect to the Plaintiff.

## COUNT I
### (Violation of the TCPA)

37. Plaintiff re-alleges and incorporates Paragraphs one (1) through thirty-six (36).

38. Defendant willfully violated the TCPA with respect to the Plaintiff, especially for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified Defendant that Defendant should stop calling Plaintiff.

2. The Defendant repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against ALLIED INTERSTATE, L.L.C. for statutory damages, punitive damages, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT II
### (Violation of the FCCPA)

39. Plaintiff re-alleges and incorporates one (1) through thirty-six (36).

40. At all times relevant to this action the Defendant is subject to and must abide by the law of Florida, including Florida Statute § 559.72.

41. The Defendant has violated Florida Statute §559.72(7) by willfully communicating with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family.

42. The Defendant has violated Florida Statute §559.72(7) by willfully engaging in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

43. The Defendant actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute §559.77.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against ALLIED INTERSTATE, L.L.C. for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT III
### (Violation of the FDCPA)

44. Plaintiff re-alleges and incorporates one (1) through thirty-six (36).

45. At all times relevant to this action the Defendant is subject to and must abide by 15 U.S.C. § 1692 *et seq*.

46. The Defendant has violated 15 U.S.C. § 1692(d) by willfully engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

47. The Defendant has violated 15 U.S.C. § 1692(d)(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

48. The Defendant has violated 15 U.S.C. § 1692(f) by using unfair and unconscionable means to collect or attempt to collect any debt.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against ALLIED INTERSTATE, L.L.C. for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

Respectfully submitted,

*Frank H. Kerney III, Esq.*
Frank H. Kerney, III, Esquire
FBN: 88672
Morgan and Morgan, Tampa, PA
201 N. Franklin St., 7th Floor
Tampa, FL 33602
813-577-4729 – office
FKerney@forthepeople.com
JKneeland@forthepeople.com
Attorney for the Plaintiff